UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMIR KHAN, on behalf of himself and all similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ORKIN EXTERMINATING COMPANY, INC., a Delaware corporation; ROLLINS, INC., a Delaware corporation; ORKIN, INC., a Delaware corporation; ORKIN LLC, a Delaware Limited Liability Corporation,<br><br>    Defendants. | Case No: C 10-02156 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Dkt. 40 |

Plaintiff Amir Khan brings the instant consumer class action on behalf of himself and all others similarly situated against Orkin LLC (formerly known as Orkin, Inc., and Orkin Exterminating Co., Inc.) and Rollins, Inc, claiming that their Direct Liquid Plus Bait system is ineffective. The parties are presently before the Court on Defendants Orkin LLC and Rollins, Inc.'s (collectively "Defendants") motion to compel arbitration. Having read and considered the papers submitted, and being fully informed, the Court GRANTS Defendants' motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

## I. BACKGROUND

In November 2006, plaintiff entered into a Residential Single Family Dwelling California 10-Year Drywood Termite or Subterranean Termite Program Directed Liquid Bait Control Service Agreement ("Service Agreement").  Compl. ¶ 35.  The Service Agreement provided for initial treatment of Plaintiff's property for drywood or subterranean termites, and retreatment at no cost if termites returned to the treated structure Defs.' Ex. 1 ¶ 1.  Plaintiff paid $2,108 as the initial fee for the service, which was renewable for ten years annually upon payment of a $496 renewal fee.  Id.  Plaintiff alleges that he has renewed the service annually.  Compl. ¶ 35.

Paragraph 4 of the Service Agreement sets forth an arbitration clause, which includes a class action waiver, which states as follows:

> **4. MEDIATION/ARBITRATION**: ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE SERVICES PERFORMED BY ORKIN UNDER THIS AGREEMENT OR ANY OTHER AGREEMENT, REGARDLESS OF WHETHER THE CONTROVERSY OR CLAIM AROSE BEFORE OR AFTER THE EXECUTION, TRANSFER OR ACCEPTANCE OF THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO ANY TORT AND STATUTORY CLAIMS, AND ANY CLAIMS FOR PERSONAL OR BODILY INJURY OR DAMAGE TO REAL OR PERSONAL PROPERTY, SHALL BE SETTLED BY BINDING ARBITRATION. UNLESS THE PARTIES AGREE OTHERWISE, THE ARBITRATION SHALL BE ADMINISTERED UNDER THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA") AND SHALL BE CONDUCTED BY AAA. IF ADMINISTERED UNDER THE AAA RULES, A CLAIM SHALL BE DETERMINED UNDER THE AAA SUPPLEMENTARY PROCEDURES FOR CONSUMER-RELATED DISPUTES IN CASES WHERE SUCH PROCEDURES ARE APPLICABLE. ANY OTHER CONTROVERSY OR CLAIM SHALL BE DETERMINED UNDER THE AAA COMMERCIAL ARBITRATION RULES. THE CUSTOMER AND ORKIN AGREE THAT THE ARBITRATOR SHALL FOLLOW THE LAW, INCLUDING THE TERMS AND CONDITIONS OF THIS AGREEMENT. THE ARBITRATOR'S POWERS TO CONDUCT ANY ARBITRATION PROCEEDING UNDER THIS AGREEMENT SHALL BE LIMITED AS FOLLOWS:  <u>ANY ARBITRATION PROCEEDING UNDER THIS AGREEMENT WILL NOT BE CONSOLIDATED OR JOINED WITH ANY ACTION OR LEGAL PROCEEDING UNDER ANY OTHER AGREEMENT OR INVOLVING ANY OTHER PREMISES, AND WILL NOT PROCEED AS A CLASS ACTION, PRIVATE ATTORNEY GENERAL ACTION OR SIMILAR REPRESENTATIVE ACTION. THE AWARD RENDERED BY THE ARBITRATOR(S) SHALL BE FINAL AND BINDING. JUDGMENT MAY BE ENTERED ON THE AWARD IN ANY COURT HAVING JURISDICTION THEREOF</u>. CUSTOMER AND ORKIN ACKNOWLEDGE AND AGREE THAT <u>THIS ARBITRATION PROVISION IS MADE PURSUANT TO A TRANSACTION INVOLVING INTERSTATE COMMERCE AND SHALL BE GOVERNED BY THE FEDERAL</u>

<a></a>ARBITRATION ACT. BEFORE HAVING RECOURSE TO ARBITRATION, CUSTOMER AND ORKIN EACH AGREES TO TRY IN GOOD FAITH TO SETTLE ANY CONTROVERSY OR CLAIM BY AT LEAST FOUR (4) HOURS OF MEDIATION ADMINISTERED UNDER THE AAA COMMERCIAL MEDIATION RULES WITH ORKIN AGREEING TO PAY THE COSTS OF THE MEDIATION. THE AAA MAY BE CONTACTED AT THE TOLL-FREE NUMBER 800-778-7879, OR THROUGH THE FOLLOWING WEBSITE: http://www.adr.org.

Compl. Ex A ¶ 4 (emphasis added).

On May 19, 2010, Plaintiff filed the instant action in this Court alleging seven causes of action for: (1) breach of contract and warranty and breach of the duty of good faith and fair dealing; (2) breach of duty to warn; (3) negligent training, supervision and retention; (4) assumpsit/money had and received; (5) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; (6) violation of California Business and Professions Code § 17200 et seq., and (7) violation of California Business and Professions Code § 17500 et seq. These claims are predicated on allegations that the Direct Liquid Plus Bait is misleadingly presented as an effective solution for preventing termite infestation. The action originally was assigned to the Honorable Vaughn R. Walker (ret.).

Shortly after the Complaint was filed, Defendants filed a motion to compel arbitration, based on the arbitration clause contained in Plaintiff's Service Agreement. Plaintiff opposed the motion, arguing that Orkin's arbitration clause is unconscionable under California law and Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005). The parties completed briefing on the motion and Judge Walker heard oral argument. At Defendants' request, Judge Walker stayed further proceedings in light of AT&T Mobility LLC v. Concepcion, No. 09-893, which was pending before the Supreme Court. On April 27, 2011, the Supreme Court decided Concepcion, holding that the test of unconscionability in Discover Bank is pre-empted by the FAA. AT&T Mobility v. Concepcion, 131 S. Ct. 1740, 753 (2011) (internal citation omitted). In light of Concepcion, Defendants again move to compel arbitration.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), any party bound by an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration. 9 U.S.C. § 4. When faced with a petition to compel arbitration, the district court's role is a discrete and narrow one. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)).

"The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. … If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Id. "To require arbitration, [plaintiff]'s factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 721 (9th Cir. 1999). Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action. See 9 U.S.C. § 3; Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

## III. DISCUSSION

### A. ENFORCEMENT OF THE ARBITRATION CLAUSE

In Concepcion, the Supreme Court reviewed the Ninth Circuit's decision in Laster v. AT & T Mobility LLC, 584 F.3d 849 (9th Cir. 2009), rev'd sub nom., Concepcion, 131 S.Ct. 1740, which had held that a class action waiver provision in an arbitration agreement was unenforceable under the test for unconscionability set forth in Discover Bank. The Supreme Court reversed Laster, and held that the Discover Bank rule was preempted because "[r]equiring the availability of classwide arbitration interferes with fundamental

attributes of arbitration and thus creates a scheme inconsistent with the FAA." Concepcion, 131 S.Ct. at 1748. As such, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." Id. at 1747. After Concepcion, a challenge to an arbitration clause is limited to "generally applicable contract defenses, such as fraud, duress, or unconscionability. Id. at 1746. Defenses "that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue" are preempted by the FAA. Id.

Plaintiff contends that Concepcion is inapt because Defendants' arbitration clause expressly provides that arbitration is permitted only to the extent that it does not conflict with state law. In support of his contention, Plaintiff cites the final sentence of the Paragraph 5 of the Service Agreement, entitled, Limitation of Liability," which states: "Nothing in this Agreement shall be construed as depriving the Customer of remedies available under applicable state consumer protection laws." Defs.' Ex. A ¶ 5. According to Plaintiff, California's CLRA authorizes class actions, see Cal. Civ. Code §§ 1781(a), and expressly renders as "unenforceable and void" any waiver of statutory rights, including the right to bring class actions, provided for under the CLRA, id. § 1751. In view of these CLRA provisions, Plaintiff contends that enforcement of the class action waiver contained in the arbitration clause would deprive him of rights codified under state law, thereby rendering the arbitration clause unenforceable. The Court disagrees.

As a threshold matter, "[t]he class action device is a procedural mechanism to aggregate individual claims for purposes of judicial efficiency." Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 651 (9th Cir. 2010)), rev'd on other grounds, 131 S.Ct. 2541 (2011) (emphasis added). As such, it is unclear whether Defendants' class action waiver actually deprives Plaintiff of any substantive remedies under the CLRA. But even if it did, Plaintiff's contention that the purported carve-out in Paragraph 5 of the Service Agreement allows "the consumer laws of the state take precedence" over the class action waiver is misplaced. See Pl.'s Opp'n at 4. It is a well settled canon of contract interpretation that specific terms of an agreement control its general terms. See, e.g., Cent. Ga. Elec.

Membership Corp. v. Ga. Power Co., 121 S.E.2d 644, 646 (1961) (citing Restatement (First) of Contracts, § 236(c) (1932)).[1]  Here, the arbitration clause expressly provides that the parties agree "that *this* arbitration provision . . . shall be governed by the Federal Arbitration Act."  Compl. Ex. A ¶ 4 (emphasis added).  The Ninth Circuit has held that the FAA preempts the CLRA's prohibition against class action waivers.  Ting v. AT & T, 319 F.3d 1126, 1148 (9th Cir. 2003).  Because the arbitration clause expressly relies upon the FAA, and because the FAA preempts the CLRA's class action waiver, the carve-out contained in the separate Limitation of Liability section of the Service Agreement cannot be interpreted as a bar to the enforcement of its arbitration clause.

### B. PLAINTIFF'S REQUEST FOR DISCOVERY

As an alternative matter, Plaintiff requests that the Court defer resolution of Defendants' motion to allow him the opportunity "to gather evidence to demonstrate that the practical effect of the class ban is that of an unconscionable exculpatory provision."  Pl.'s Opp'n at 6.  Aside from vague assertions regarding the need to conduct discovery, see id. at 6-12, Plaintiff fails to articulate with any specificity what discovery he seeks to obtain.  To the extent that Plaintiff is seeking to establish that it is too costly for him to pursue consumer protection claims on an individual as opposed to a class basis, the Court notes that post-Concepcion decisions have rejected the cost of litigation as a basis for invalidating a class action waiver.  See, e.g., In re Apple and AT & T iPad Unlimited Data Plan Litig., No. C 10-2553 RMW, 2011 WL 2886407, at *3 (N.D. Cal. July 19, 2011) ("Plaintiffs' contention that their modest claims 'simply do not provide sufficient motivation for an aggrieved customer to seek redress' on an individual basis (Opp. at 10) is the very argument that was struck down in Concepcion.") (Whyte, J.); Arellano v. T-Mobile USA, Inc., No. C 10-5663 WHA, 2011 WL 1842712, at *2 (N.D. Cal. May 16, 2011) (finding that Concepcion forecloses argument that an arbitration agreement is void

---

[1] Although Defendants cite California law for this proposition, the Court notes that the Service Agreement provides that "[t]his agreement shall be governed by and construed under the laws of the State of Georgia."  Compl. Ex. A ¶ 11.

because small claims might be prohibitively expensive to pursue on an individual basis) (Alsup, J.).

Plaintiff also posits that the evidence necessary to establish that Defendants' arbitration clause is unconscionable "is exclusively within the possession of the Defendant[s]," as ostensibly shown by the fact that Defendants supported their motion with declarations of their employees. Pl.'s Opp'n at 9-10. The only supporting employee declaration proffered by Defendants, however, is from Sonja Rice, a litigation specialist with Defendant Rollins. Rice Decl., Dkt. 40-1.[2] In her declaration, Ms. Rice simply confirmed that Plaintiff entered into a Service Agreement on November 3, 2006, that he made an initial payment of $3,100 and that he renewed his service twice at a cost of $496 per year. Id. ¶¶ 2-5. These facts obviously are within Plaintiff's possession. There simply is nothing in Ms. Rice's declaration or anything else in the record to support the conclusion that Defendants possess facts unavailable to him that bear upon the enforceability of the Service Agreement.[3]

In sum, the Court finds that Plaintiff has failed to present any compelling grounds to grant Plaintiff's belated request to conduct discovery and to hold the instant motion in abeyance, and therefore, denies said requests.

---

[2] This is the same declaration filed on September 23, 2010, by Defendants with their reply in support of their earlier motion to compel arbitration. Dkt. 27.

[3] The Court also notes that Plaintiff's request to conduct discovery is untimely. The Supreme Court issued its opinion in Concepcion on April 27, 2011, and on the same date, requested that the Court reopen the action. In the parties' case management statement filed on June 29, 2011, Plaintiff stated that he continued to oppose Defendants' efforts to compel arbitration, but made no mention of needing to conduct any discovery. Dkt. 36. Nor is there any indication in the record that Plaintiff has made any attempt to conduct any discovery since the issuance of Concepcion. To the extent that Plaintiff legitimately believed that discovery was necessary to opposed Defendants' motion, he should have made endeavored to commence discovery sooner, as opposed to embedding such a request in his opposition.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to compel arbitration is GRANTED. Plaintiff's request to conduct discovery and to hold Defendants' motion in abeyance is DENIED.

2. The instant action is STAYED and administratively closed pending the arbitration of Plaintiff's claims.

3. This Order terminates Docket 40.

IT IS SO ORDERED.

Dated: October 12, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge